IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT HOLLAND, | : | MOTION TO VACATE |
| Fed. Reg. No. 71813019, | : | 28 U.S.C. §2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:18-CR-307-MHC-JSA-1 |
| | : | |
| UNITED STATES, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-764-MHC-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Robert Holland has filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. §2255. (Doc. 119). Movant seeks to challenge the constitutionality of his convictions and sentences in the Northern District of Georgia.

I. Procedural Background

On August 7, 2018, a grand jury in the Northern District of Georgia returned a six-count indictment against Movant and charged him with four counts of distribution and possession of controlled substances with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C); being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c). (Doc. 1). The grand jury subsequently returned a superseding indictment in September of 2018, adding an additional count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g) and one count of conspiracy to distribute and possess

with the intent to distribute controlled substances in violation of 21 U.S.C. §846. (Doc. 21).

On September 7, 2018, Frances Rockwell entered a notice of appearance in Plaintiff's criminal case. (Doc. 17). On May 15, 2019, Assistant United States Attorney ("AUSA") Theodore Hertzberg sent Ms. Rockwell an email message outlining a potential plea offer of seventy-one months of imprisonment. (Doc. 127-1 at 8-9). The next day, Michael Eddings entered an appearance and notified the Court that he would substitute for Ms. Rockwell on behalf of Movant. (Doc. 72). Thereafter, Ms. Rockwell forwarded the email from AUSA Hertzberg to Mr. Eddings and advised the attorneys for the Government that Mr. Eddings would present the seventy-one month offer to Movant. (Doc. 127-1 at 8).

From May 16, 2019, through June 4, 2019, AUSA Hertzberg and/or AUSA Timothy Lee exchanged more than a dozen emails with Mr. Eddings attempting to negotiate an agreement between Movant and the Government. (*Id.* at 2-8). On May 29, 2019, AUSA Lee emailed Mr. Eddings to let him know that the Government's seventy-one month offer was set to expire in two days, on Friday, May 31, 2019. (*Id.* at 5). As a result of that email, AUSA Hertzberg and Mr. Eddings spoke later that afternoon and clarified some issues, including the Government's drug quantity guidelines calculation to which Movant objected. (*See id.* at 4-5). During that phone call Mr. Eddings asked AUSA Hertzberg for an extension of the deadline until the

following Monday so that he would have a chance to further discuss the offer with Movant. (127-1 at 3-5). AUSA Hertzberg agreed to the extension, but advised Mr. Eddings that if there was no agreement by Monday he would move forward with his scheduled appointment with the grand jury for the purpose of returning a superseding indictment. (*Id.* at 5).

According to a June 2, 2019, email from Mr. Eddings to both AUSAs, Mr. Eddings went to see Movant the previous Saturday and was unable to do so because the visitation policy required pre-scheduled visits, but that he would return to visit Movant on Monday. (*Id.* at 3). In that same email, Mr. Eddings asked the Government attorneys if they would consider lowering the recommended sentence to something "less that [sic] 71". (*Id.* at 4). USA Hertzberg responded that although the seventy-one month offer reflected "extraordinarily significant" concessions given the strength of the evidence against Movant, in a final effort to resolve the case he offered a joint recommendation of sixty-eight months if Movant would accept the offer that day. (*Id.* at 3).

Mr. Eddings's next email indicated that Movant thought that the sixty-eight month offer was "still unfair", and despite Eddings's attempts to persuade Movant to accept the offer based on the overwhelming weight of the evidence against him, Movant would not agree. (Doc. 127-1 at 2). In that same email Mr. Eddings indicated that notwithstanding Movant's unwillingness to accept the Government's

3

offer, he still appeared to be willing to cooperate and to hopefully continue with negotiations. (Doc. 127-2 at 2). AUSA Hertzberg responded that all previous offers were now off the table and that he would see Mr. Eddings at the arraignment on the superseding indictment which he suspected would be scheduled soon. (*Id.*).

On June 4, 2019, the grand jury returned another superseding indictment, which did not add or remove counts but alleged that Movant's drug trafficking conspiracy involved at least twenty-eight grams of a mixture and substance containing a detectable amount of cocaine base. (Doc. 73). Movant moved to dismiss Count Seven of the second superseding indictment, which charged Movant with possession of a firearm in furtherance of a trafficking crime. (Doc. 92).

Before the Court ruled on the motion to dismiss, on August 15, 2019, Movant entered a negotiated plea to Counts Two through Eight of the second superseding indictment. (Doc. 97). As part of the agreement, the Government dismissed Count One, for which the statutory minimum would have been 120 months of imprisonment. *See* 21 U.S.C. §§841, 846. The Government agreed to recommend sixty months of imprisonment as to Count Seven and to a below-guidelines sentence of thirty-six months as to Counts Two, Three, Four, Five, Six, and Eight, to be served concurrently to each other and consecutively to the sentence imposed on Count Seven, for a total sentence of ninety-six months of imprisonment. (Doc. 97-1 at 6-7).

Before his sentencing date, on December 8 and December 26, 2019, Movant filed a a motion for new counsel and a *pro se* motion to withdraw his plea. (Docs. 102, 103). Following a hearing, the Court granted Movant's motion for new counsel and appointed Stephen P. Johnson from the Federal Defender Program to represent him. (Docs. 105, 106, 107). Thereafter, Plaintiff withdrew the motion to withdraw his plea. (Doc. 108).

Movant was sentenced on February 19, 2020, to sixty months as to Count Seven, and to twenty months of imprisonment for Counts Two, Three, Four, Five, Six, and Eight to run concurrently with each other and consecutively to Count Seven, for a total of eighty months of imprisonment. (Doc. 113). Movant did not file a direct appeal.

Movant filed the instant §2255 motion to vacate his convictions and sentences on February 5, 2021.[1] (Doc. 119). Movant raises one claim, that he received ineffective assistance of counsel because he was not allowed to sign the original plea offer that Ms. Rockwell requested and received. (*Id.* at 4). The Government has filed a response to the §2255 motion [Doc. 27], and Movant has not filed a reply.

---

[1] Under the federal prison mailbox rule, a *pro se* prisoner's §2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing, *i.e.,* on the date he signed it, unless there is evidence to the contrary. *Houser v. United States*, 808 F. App'x 969, 971 (11th Cir. 2020).

For the following reasons, the undersigned **RECOMMENDS** that the instant §2255 motion be **DENIED**.

II.     Standard of Review

Congress enacted §2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to §2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Id.* (citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

The Court should order an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The

Court agrees with the Government that Movant's §2255 motion and the record in this case conclusively show that Movant is not entitled to relief in connection with his claims, and that no evidentiary hearing is required.

III.   Analysis

    A.   Ineffective Assistance Of Counsel Standard

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 688). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins* 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).

"An attorney's performance is not deficient in hindsight just because he or she made one choice versus another." *Scott v. United States*, 890 F.3d 1239, 1259 (11th Cir. 2018). *See also Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir. 1985)

("Tactical decisions do not render assistance ineffective merely because in retrospect it is apparent that counsel chose the wrong course."). An ineffective assistance claim should be examined based on the "'totality of the circumstances[,]'" *McCoy v. Newsome*, 953 F.2d 1252, 1262 (11th Cir. 1992) (citations omitted), and the court may "dispose of [the] ineffectiveness claim[] on either of its two grounds." *Atkins v. Singletary*, 965 F.2d 952, 959 (11th Cir. 1992). *See also Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

*Strickland*'s two-pronged test specifically extends to counsel's "negotiation and consideration of plea offers that lapse or are rejected." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (per curiam). In that context, in order to establish prejudice, a movant must demonstrate a reasonable probability that he would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel" and that the "end result of the criminal process would have been more favorable[.] . . ." *Missouri v. Frye*, 566 U.S. 134, 147 (2012); *see also Lafler v. Cooper*, 566 U.S. 156, 164 (2012). In other words, "where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on the more favorable earlier plea offer, *Strickland*'s inquiry into whether 'the result of the pleading would have been different'" requires looking at "whether he would have

accepted the offer to plead pursuant to the terms earlier proposed." *Frye*, 566 U.S. at 149.

    B.    <u>Counsel Was Not Ineffective.</u>

Here, Movant simply states that he received ineffective assistance of counsel because he was not "allowed" to sign the first plea offer - for seventy-one months – by the deadline and, as a result, he subsequently had to accept a less favorable plea. Movant does not explain this claim, and notably does not dispute the evidence introduced by the Government showing that Movant rejected those plea offers and that counsel even at one point negotiated a better deal (which Movant still rejected).

Thus, Movant has not demonstrated that Mr. Eddings's actions were deficient. Nor has Movant shown prejudice, as the unrefuted evidence introduced by the Government shows that Movant would not, and did not, accept the more favorable offer. Movant, therefore, cannot demonstrate a reasonable probability that but for ineffective assistance of counsel he would have accepted the earlier, more favorable plea. *See, e.g., Carmichael v. United States*, 966 F.3d 1250, 1261 (11th Cir. 2020) (finding movant could not show prejudice where the movant was convicted by a jury and sentenced to life, and his conclusory claim that he would have accepted a previous ten year offer was belied by his rejection of ten and twenty year offers both pretrial and after he was convicted and awaiting sentencing); *Fisher v. Sec'y, Fla. Dep't of Corr.*, 616 F. App'x 916, 919 (11th Cir. 2015) (finding state court's finding

that petitioner, who was convicted by a jury and received a forty-year sentence, did not show prejudice regarding his claim that he would have accepted a plea of fifteen years since he rejected that offer before trial); *Cook v. United States*, 613 F. App'x 860, 865 (11th Cir. 2015) (finding petitioner's claim that had counsel kept him apprised of plea negotiations he would have entered a guilty plea, because he rejected a plea offer and "his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer") (internal quotation marks and citations omitted); *Osley v. United States*, 751 F.3d 1214, 1223-24 (11th Cir. 2014) (finding the movant did "not come close to meeting his burden under *Strickland*'s prejudice prong" to establish a reasonable probability he would have accepted a deal with a fifteen-year mandatory minimum sentence because "he had already refused to accept a deal that proposed a significantly lower sentence"); *Tomlinson v. United States*, No. 1:10-CR-521-TCB-AJB-4, 2021 WL 1522827, at *3 (N.D. Ga. Feb. 2) (finding petitioner could not demonstrate a reasonable probability he would have accepted a plea but for counsel's alleged ineffective assistance for failing to convey a fifteen-year offer, because before trial petitioner had minimized his guilt and indicated that a fifteen-year plea would be excessive), *report and recommendation adopted*, 2021 WL 1207467 (N.D. Ga. Mar. 31, 2021).

Finally, Movant's assertions contradict his own sworn testimony in the case. During his change of plea hearing, he testified under oath, among other things, that he fully understood the plea deal he was entering into, that he had no other plea agreement with the Government, and that he was satisfied with his lawyers' representation of him in this case. (*See* Doc. 109 at 12-14, 16). Directly to the contrary, Movant now states that he had a prior, more favorable, agreement with the Government but that his lawyers improperly failed to "allow" him to sign this agreement at the time. This allegation is not reconcilable with his sworn statements at the plea hearing, and he offers no basis by which his claims should proceed on this record. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (stating statements at the plea hearing carry a strong presumption of verity, and that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *accord Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007).

IV.   Conclusion

Based on the foregoing reasons, **IT IS RECOMMENDED** that Robert Holland's motion to vacate his sentence [Doc. 119] be **DENIED WITH PREJUDICE**.

V.	Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable

jurists would not find "debatable or wrong" the undersigned's determination that Movant's ineffective assistance of counsel claim is without merit.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 8th day of November, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE